UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

MICHELE HARRIS AND D. N. HARRIS                                    PLAINTIFFS

V.                                                CIVIL ACTION NO. 1:06cv260-LTS-RHW

LEXINGTON INSURANCE COMPANY AND                                    DEFENDANTS
JOHN AND JANE DOES A, B, C, D, E, F AND G

**ORDER**

Plaintiffs have filed a [19] Motion for Sanctions arising from an unsuccessful mediation held pursuant to this Court's [15] order. Plaintiffs ask for the imposition of a monetary penalty against Defendant Lexington Insurance Company (Lexington). Lexington's counsel has filed a response giving his version of the events, and denying Plaintiffs' entitlement to relief.

By Plaintiffs' counsel's own admission, he "repeatedly asked for [Lexington's] representative to tell the Plaintiffs how much authority they came to mediation with, so that Counsel for Plaintiffs could determine whether the Defendant made a good faith 'appearance' at the mediation, in accordance with the Rules and Regulations adopted by this Court." He also asserts that Lexington "repeatedly refused to state how much authority [it] came with, or even state what the limits of coverage are under Lexington's contract of insurance that has been sued upon." (Emphasis in original).

This Court's [15] Order for Mediation made clear that the mediator was empowered to "contact the presiding United States Magistrate Judge as to any issue that must be resolved in the course of the mediation." The Court is not aware of the mediator feeling the need to contact the assigned Magistrate to resolve any issues in this particular case.

As to the claims of misconduct raised by Plaintiffs, it is not their counsel's role to determine an opposing party's compliance with the Court's order, or, for that matter, conduct the mediation in any manner. Further, the wisdom of requiring a party to reveal to its opponent how much authority one has for the purposes of settling a particular claim is lost on this Court. Defense counsel represents that the company representative had full authority to settle the case up to the policy limits of the subject insurance policy; the Court has no reason to question this explanation.

The Court views this matter as the mere failure to reach an agreed settlement in mediation. Plaintiffs' motion is not well taken.

Accordingly, **IT IS ORDERED**:

Plaintiffs' [19] Motion for Sanctions is **DENIED**.

**SO ORDERED** this the 18th day of October, 2006.

             s/ *L. T. Senter, Jr.*
             L. T. Senter, Jr.
             Senior Judge